Bernard S. Meyer, J.
This is an article 78 proceeding brought by a teacher in the Levittown school system to compel his rein *57 statement as chairman of the music department in the Jonas E. Salk 'High School.
It is conceded that petitioner has tenure as a teacher of music, but it is urged that his status in that regard has not been disturbed by his transfer to the music department of Levittown Memorial High School on August 29, 1960. In the latter post, petitioner serves simply as a teacher and not as chairman of the department.
Petitioner was placed on tenure by a resolution adopted by the Board of Education on March 28, 1956. He was not designated as chairman of the music department until October 21, 1958. Whether respondents are correct in their contention that the privileges of tenure do not apply to department head designations, need not be decided, for petitioner has not held the position of department head for a period of three years and under the specific provisions of the Education Law (§ 3012) therefore, does not have tenure in that position.
Furthermore, while it is true that failure to appeal to the Commissioner of Education in the first instance does not necessarily preclude court review when petitioner relies on the violation of a clear legal right (Matter of Frankle v. Board of Educ., 173 Misc. 1050, mod. 259 App. Div. 1006, affd. 285 N. Y. 541; Matter of Jacobson v. Board of Educ., 177 Misc. 809), he is so disabled where, as here, no such right exists.
From the exhibits it appears that the petitioner was hired for one year commencing September 1, 1960, at a salary of $9,200 which included $300 for the chairman designation, under a written contract, presumably made pursuant to section 3011 of the Education Law. The determination made herein is without prejudice to any rights petitioner may have for breach of contract.
The application is denied.